TERRY, Appellant, vs. SCHMIDT, Respondent.

*December 13, 1924—January 13, 1925.*

*Appeal and error: Automobiles: Harmless error: Trial: Instructions: Proximate cause.*

1. The admission of evidence as to the speed of plaintiff's automobile at points remote from the place of a collision with defendant's automobile is immaterial error where the jury undoubtedly found that the negligence of each party consisted in not keeping to the right of the center of the highway at and just before the collision.   p. 553.

2. An instruction on the question of contributory negligence that by proximate cause was meant that the failure to use ordinary care had an actual or probable relation to the injury was incorrect, but the error was immaterial because (1) the faulty instruction was preceded and followed by a correct instruction, and (2) since the jury's finding is construed to be that plaintiff's negligence consisted in not keeping to the right of the center of the highway, such negligence, as a matter of law, contributed to produce the injury.   p. 553.

3. An instruction that the speed law applicable to highways wholly within a city applied to the whole of a highway where the center line marked the boundary of a city, was not prejudicial to plaintiff, even if error, where the jury did not predicate the negligence of either party upon speed.   p. 554.

4. The giving of an instruction as to wilful false swearing rests largely within the discretion of the trial court.   p. 554.

APPEAL from a judgment of the circuit court for Sauk county: E. W. CROSBY, Judge. *Affirmed.*

Action to recover damages sustained in an automobile collision. Plaintiff with his driver, Johnson, was about 8:45 in the evening of October 6, 1922, driving in an easterly direction on a public highway adjacent to the city of Reedsburg. The defendant was driving in a westerly direction on the same highway. It was a dark, rainy night and both drivers had difficulty in seeing through the wind-shield. In fact the plaintiff, who sat on the right-hand side of the front seat of his car, kept a lookout by looking around the end of the wind-shield. Plaintiff drove a Hudson car weighing about 3,200 pounds. The defendant drove a Willys-Knight car weighing about 3,000 pounds. Both cars were in sight of each other for several hundred feet before reaching the place of collision. Plaintiff and his driver testified that just immediately before the collision they were traveling at the rate of from twenty to twenty-five miles an hour and that they slowed up so that at the time of the impact the car was nearly at a standstill. This is denied by the defendant. Plaintiff further testified that just before the collision he looked out around the wind-shield and saw that the car was very close to the ditch on the right-hand side, and he called out to the driver, "Look out for the ditch," and almost immediately the collision occurred. The testimony further shows that there were wheel tracks from or near the ditch up to the point of collision, which occurred at or near the center of the highway. The defendant claims that he was traveling on the north or right-hand side of the highway and that at the time of the collision the plaintiff's car was beyond the center line thereof. The collision was nearly a head-on one and destroyed the left front wheel of defendant's car so that after the collision the axle rested on the road. Plaintiff's car stood at an angle of about forty-five degrees across the road in such a position that the rear wheels were very close to or perhaps extended a little south

or to the right of the graveled portion of the road, with the left front wheel extending beyond the center line of the road. The defendant's car stood entirely on the right-hand side of the center of the road. Its rear right wheel was about one foot to the south of the graveled edge of the road and its front right wheel about two feet south of the graveled edge of the road. These positions of the cars are practically undisputed. The graveled portion of the highway was about eighteen feet wide. Plaintiff claims that defendant was intoxicated at the time of the accident and that he drove at an unreasonable speed. The jury found (1) that the defendant was not intoxicated; (2) that he exercised ordinary care in respect to speed; (3) that he failed to exercise ordinary care in respect to turning out; (4) that such failure was the proximate cause of plaintiff's injury; (5) that plaintiff and his driver were guilty of contributory negligence that proximately contributed to plaintiff's injury; and damages in the sum of $1,500 for personal injuries, and $500 for injury to his car. Upon this verdict the court directed judgment in favor of defendant, from which judgment the plaintiff appealed.

For the appellant there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Walter H. Farnsworth.*

For the respondent there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *O. T. Toebaas* and *H. M. Wilkie.*

VINJE, C. J.    Owing to the view we have taken of the facts in this case it does not become necessary to discuss the assignments of error as to the admission of evidence of speed on the part of plaintiff at points remote from the place of accident or the instructions as to the law of the road or of proximate cause. It is quite apparent from the statement of facts given, especially in view of the direction plaintiff's car took from or near the ditch to the center of the highway

just before the collision, and the position of the cars after the collision, that the jury found that at the moment of impact both cars were slightly over the center of the graveled portion of the highway. It is evident they believed that plaintiff's car was coming from the right-hand ditch towards the center as a result of the cry from the plaintiff to his driver to "look out for the ditch." This view is fortified by the testimony that his wheel tracks were traced from the ditch to the place where the car stood after the collision. His car came at an angle, and in striking defendant's car no doubt pushed it back over the center line, and caused the rear end of plaintiff's car to slew to the right so that when it came to rest it stood at an angle of forty-five degrees across the road with its left front wheel well beyond the center of the road. The only theory upon which the jury could find defendant negligent in not turning out was that some part of his car was to the left of the center of the highway at the time the cars met. They bounded back so there was just room for a person to pass between the front left-hand corner of plaintiff's car and the corresponding corner of defendant's car. Under such a situation the jury found each party negligent in not driving on the right-hand side of the center of the road. Plaintiff's testimony as to speed at the time of the collision was not contradicted except that defendant said plaintiff's car was coming fast. The jury undoubtedly found that the negligence of each party consisted in not keeping to the right of the center of the highway at and just before the collision. Under such a state of facts the admission of evidence of plaintiff's speed at points remote from the place of collision becomes at best immaterial error. The same result follows as to other assignments of error not treated in the opinion.

The court instructed the jury, under the question of contributory negligence, that "by proximate cause is here meant that the failure to use ordinary care had some causal relation to the accident; that it must be an efficient cause that

produced the accident; that it had an actual or *probable* relation to the injury." The use of the word "probable" was unfortunate and incorrect, but the error becomes immaterial for two reasons. The instruction given had been preceded by a correct instruction and it was followed by a correct one when the jury came back for further instructions, so the error was cured in that way. And since we construe the jury's finding to be that plaintiff's negligence consisted in not keeping on the right-hand side of the center of the highway, then it can be said as a matter of law that such negligence contributed to produce the injury. Hence no error in an instruction on that question could prejudice the plaintiff.

It is not clear whether the road at the place of the accident was wholly within the corporate limits of the city of Reedsburg or only one half thereof; that is, that the city limits coincided with the center of the highway. The court instructed the jury that the law as to speed applicable to highways wholly within a city applied to the whole of a highway whose center line marked the boundary of a city. Since the jury did not predicate the negligence of either party upon speed, the instruction, even if erroneous, becomes nonprejudicial. We reserve the question of its correctness.

The court failed to give an instruction requested by the defendant relating to wilful false swearing. The giving of such an instruction rests largely within the discretion of the trial court. A reading of the evidence leads us to the conclusion that no prejudicial error resulted from the failure to give it in this case.

*By the Court.*—Judgment affirmed.